IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRY LANIER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No.: 3:24-cv-00288 |
| | ) | |
| CORECIVIC, INC., *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**INITIAL CASE MANAGEMENT ORDER**

**A.** **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims and pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state claims.

**B.** **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:** Plaintiff Jerry Lanier alleges that he was assaulted with a metal pipe and seriously injured by another inmate because no guards were present in the unit where Mr. Lanier was assigned. It took guards eight minutes to respond to the incident, by which time Mr. Lanier had taken the metal pipe away from his attacker and beaten him into submission. CoreCivic staff previously had been warned that inmates had access to metal pipes and were removing them from walls for use as weapons.

After the Plaintiff was beaten over the head with the metal pipe, he suffered from blurred vision, altered hearing, and a broken hand. His medical treatment at the time of the assault consisted of nothing more than a liquid bandage for the gash on his head and antibiotic ointment for his hand. He was not seen by a nurse practitioner for more than three weeks after he was injured. For almost a year after the assault, the Defendants were warned that the Plaintiff's injuries were getting worse instead of better, yet he was never provided a neurological exam nor an X-ray

for his broken hand. The Plaintiff alleges that the Defendants were deliberately indifferent to his safety and they violated his Eighth Amendment rights because they failed to remove the metal pipe and failed to provide adequate guard staff. The Plaintiff further alleges that the Defendants were deliberately indifferent to his safety and the violated his Eighth Amendment rights because they failed to provide him with adequate medical care.

**DEFENDANTS:**

Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, Damon T. Hininger, Patrick Swindle, Jason Medlin, Jerry Wardlow, Joshua Carter, Keith Ivens, M.D., and Elaina Rodela, M.D. (hereinafter, "Defendants") deny that they violated Plaintiff's constitutional rights and deny that they otherwise breached any duty owed to Plaintiff. At no time did Defendants ignore or disregard any requests for medical care or help from Plaintiff or any requests made from anyone on Plaintiff's behalf, nor did Defendants fail to protect Plaintiff from harm at any time. Indeed, Plaintiff received proper medical care at all times relevant. Moreover, at no time did Defendants deny Plaintiff his due process rights[1], nor did Defendants in any way retaliate against Plaintiff at any time. At no time did Defendants act with deliberate indifference towards Plaintiff's safety and/or medical needs.

Defendants deny Plaintiff's assertions that CoreCivic adopted a policy, practice, and custom of "withholding medical care in order to maximize profits" or "understaffing corrections personnel in order to maximize profits." At no time did Defendants staff HCCF in a manner that would have placed Plaintiff at an unreasonable and/or serious risk of harm, nor did Defendants at any time deny Plaintiff access to medical care. Indeed, at all times, Defendants provided Plaintiff medical

---

[1] Plaintiff stipulated to dismissal of his due process claims. (ECF No. 15, PageID 75).

2

care as needed. And Defendants deny that understaffing or any alleged CoreCivic policy caused or in any way contributed to Plaintiff's alleged injuries and/or damages.

Defendants deny that Plaintiff received negligent medical care, deny that Defendants are liable under the Tennessee Health Care Liability Act, and deny that Plaintiff has complied with the Tennessee Health Care Liability Act in order to assert such claims.

Defendants deny that they acted in any way negligently towards Plaintiff at any time. Contrary to Plaintiff's accusations, Defendants acted appropriately, reasonably, and in accordance with correctional standards and Tennessee law during Plaintiff's incarceration. Accordingly, Defendants assert that they did not violate Plaintiff's constitutional rights, assert that they are not guilty of any negligent acts, and assert that Plaintiff is not entitled to any relief under any theory of law.

**C.** **ISSUES RESOLVED:** The Parties agree that jurisdiction is appropriate with this Court.

**D.** **ISSUES STILL IN DISPUTE:**

1. As addressed thoroughly within Defendants' pending motion to dismiss (*see* ECF Nos. 11, 12, & 16), Defendants are of the position that Plaintiff's operative complaint has failed to set forth a claim against any of the Defendants. Accordingly, Defendants have moved this Court to dismiss all of Plaintiff's claims in their entirety pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE against all Defendants.

2. The parties dispute venue, liability, and damages.

**E.** **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by **July 5, 2024.**

3

**F.**     **CASE RESOLUTION PLAN AND JOINT ADR REPORTS:**   The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07.  **If the parties do not propose a plan for resolution of the case, the Court will establish case resolution plan requirements.** By no later than **December 4, 2024**, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case.  The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of dispositive motions.

**G.**     **DISCOVERY:**  The parties shall complete all written discovery and depose all fact witnesses on or before **June 9, 2025**. Discovery is not stayed during dispositive or other  motions, unless ordered by the Court.  No motions concerning discovery are to be filed until after  counsel have spoken in a good faith effort to resolve any dispute(s).  Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than **June 9, 2025**.

**H.**     **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **August 21, 2024**.

**I.**     **DISCLOSURE OF EXPERTS:**  The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 3, 2025**. The defendant shall identify and disclose  all expert witnesses  and reports on or before **April 4, 2025**. No supplemental

4

expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.** **DEPOSITIONS OF EXPERT WITNESSES:** All experts shall be deposed by no later than **May 19, 2025**.

**K.** **SUBSEQUENT CASE MANAGEMENT CONFERENCE.** A subsequent case management conference shall be held on_____to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

**L.** **DISPOSITIVE MOTIONS:** Dispositive motions shall be filed by no later than **August 8, 2025**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**M.** **ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery, if necessary. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate

5

accompanying motion. In the absence of compliance with this provision, Administrative Order 174-1 will apply.

N.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of this action is expected to last approximately **3-4** days. A trial date no earlier than **December 15, 2025** is respectfully requested.

**It is so ORDERED.**

_____
United States Magistrate Judge

6

APPROVED FOR ENTRY:


PENTECOST, GLENN & TILLY, PLLC

By:     s/Nathan D. Tilly
       Nathan D. Tilly (#31318)
       Dylan E. Sutherland (#040648)
       *Attorneys for Defendants CoreCivic, Inc.,*
       *CoreCivic of Tennessee, LLC, Damon T. Hininger,*
       *Patrick Swindle, Jason Medlin, Jerry Wardlow,*
       *Joshua Carter, Keith Ivens, M.D., and Elaina Rodela, M.D.*
       162 Murray Guard Drive, Suite B
       Jackson, Tennessee 38305
       (731) 668-5995 – Telephone
       (731) 668-7163 – Facsimile
       ntilly@pgtfirm.com
       dsutherland@pgtfirm.com



By:     s/Ty Clevenger (*w/permission*)
       Ty Clevenger
       Janet Goode
       *Attorneys for Plaintiff*
       147 Prince Street
       Second Floor, Room 15-C
       Brooklyn, NY 11201
       tyclevenger@yahoo.com
       janet@janetgoodelaw.com